STATE OF DELAWARE v. JOHN E. CLIFTON, JR.

(*January* 17, 1958.)

STOREY, J., sitting.

*David P. Buckson* and *George R. Wright* for the defendant.

*James B. Messick,* Deputy Attorney-General, for the State.

Superior Court for Kent County, Nos. 47, 48, 49, 50, 51, and 52, Cr. A., 1956.

STOREY, J.:

Six indictments, containing three counts each, were returned against the defendant, charging him with making or drawing, uttering or delivering certain checks set forth in the respective indictments to certain corporations therein named, respectively, signed in each instance as follows: "Clifton Motor Co., Inc., John E. Clifton, Pres.", in violation of Section 555, Title 11, *Delaware Code of* 1953.

The defendant moves to dismiss the indictments on the ground that the checks were made or drawn, uttered or delivered by the corporation, Clifton Motor Co., Inc., and not by John E. Clifton, Jr., individually, and that, therefore, John E. Clifton, Jr., individually, is not lawfully indictable for the offenses.

The pertinent part of the statute upon which the above indictments were returned, provides as follows:

§ 555(a) Title 11, *Delaware Code,* 1953. "Whoever makes, draws, utters, or delivers any check, draft, or order for the payment of money, to the value of $100 or more, upon any bank or other depository knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in, or credit with, such bank or other depository for the payment of such check, draft or order, in full, upon its presentation, shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

To prevent the owners of money and property from being defrauded by means of worthless checks, the Legislature enacted the above statute, upon which the indictments in question were

predicated, and to construe the statute in such fashion that an officer of a corporation does not come within its provisions would have the effect of nullifying one of its most important purposes.

Our statute is designed in part to prevent just such defrauding of owners of money or property as is here presented, and under its provisions it is immaterial whether the defendant drew or made, uttered or delivered the checks in question individually or in a representative capacity.

This defendant, as President of Clifton Motor Co., Inc., was the general directing head of the corporation. In fact, it is admitted that it was a one-man corporation. With full knowledge of the affairs of the corporation and especially its financial affairs, this defendant made or drew, uttered or delivered the checks in question in the name of "Clifton Motor Co., Inc., John E. Clifton, Jr., Pres."

13 *Am. Jur.*, Section 1100, Page 1028, states, among other things, as follows:

"The general rule is that where the crime charged involves guilty knowledge or criminal intent, it is essential to the criminal liability of an officer of the corporation that he actually and personally do the acts which constitute the offense or that they be done by his direction or permission. An officer or agent, however, cannot shield himself from criminal responsibility for his own act on the ground that it was done in his official capacity as an officer of a corporation; nor can he assert that acts in corporate form are not his acts merely because they are carried out by him through the instrumentality of a corporation which he controls and dominates and which he employs for that purpose."

The Court is of the opinion that under the facts presented, the defendant is legally and criminally responsible for his acts of making or drawing, uttering or delivering the checks, the subjects of the indictments herein considered, and he cannot shield himself behind a corporate organization in a represen-

tative character. *State v. Cooley*, 141 *Tenn.* 33, 206 *S. W.* 182. *State v. Stemen*, 90 *Ohio App.* 309, 106 *N. E.* 2d 662.

Defendant's motion to dismiss is denied, and order will be entered accordingly.